# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 13, 1926.

See: Scott vs. Marden, 153 Md. 1; 153 Md. 14; Marden vs. Scott, 154 Md. 414; 154 Md. 426.

## MARGARET MARDEN
VS.
WILLIAM G. SCOTT, ET AL.

*John Phelps* for plaintiff.
*Keech, Deming & Carman* for defendants.

FRANK, J.—

The plaintiff at the hearing having indicated her willingness to supply any omission of necessary parties, that matter will not be referred to in this memorandum.

1. The special demurrer to paragraph tenth of the bill of complaint and to prayers for relief third and fourth will be sustained. Before the declaration of trust can be assailed by one who occupies the position of a creditor, it is necessary that an allegation should be made that the portion of the estate not affected by the declaration is insufficient to satisfy the creditor's claim. A solvent person may dispose of portions of his estate as he sees fit, provided that he retains enough to satisfy the just claims of his creditors.

2. That the owner of property has the legal right to enter into a contract to execute a will thereof in favor of the other contracting party and that such contracts may be enforced by a decree of specific performance are principles too well established to admit of controversy.

Soho vs. Winbrough, 145 Md. 498, 510, and cases there cited.

In order that this relief may be granted "the bill of complaint must allege an agreement the terms of which are clear, definite and conclusive, and the evidence must be sufficient to prove the allegations."

Soho vs. Winbrough, supra, at p. 510.

No one of the papers filed as Exhibits "A," "B" and "C" is in form a contract to make a will. Exhibit "A" is not a will, because there is only one witness. Exhibit "B" is a duly executed codicil, but the bill alleges that as a will it was superseded by the subsequently executed will of November 3, 1920. Exhibit "C" is a contract to pay a weekly sum to the plaintiff. I do not find anywhere in the bill a contract to make a will or not to revoke a will already made or to be made, "the terms of which are clear, definite and conclusive." If such a contract were alleged and proved I should have no hesitation in enforcing it.

3. The views herein expressed render it unnecessary at this time finally to pass upon the various other questions which were ably discussed at the hearing.

The demurrer to the bill of complaint will be sustained with leave to amend within thirty days.

# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 13, 1926.

See: Scott vs. Marden, 153 Md. 1; 153 Md. 14; Marden vs. Scott, 154 Md. 414; 154 Md. 426.